**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

RICHARD SCOTT BUTLER,
Plaintiff,
v.
GENERAL MOTORS LLC, et al.,
Defendants.

No. 2:26-cv-07484-BFM

**ORDER DENYING MOTION TO REMAND**

Before the Court is Plaintiff's Motion to Remand. (ECF 9.) For the reasons below, the Motion is **denied**.

## I. Background

This action arises out of Plaintiff's purchase of a 2023 GMC Sierra Vehicle which was manufactured or distributed by Defendant General Motors LLC. (ECF 1-2 (Compl.) ¶¶ 8-9.) On June 3, 2026, Plaintiff filed a complaint in Los Angeles County Superior Court, alleging causes of action under the Song-Beverly Consumer Warranty Act, California Civil Code Section § 1791 *et seq*. (Compl. ¶¶ 22-63.)

On July 10, 2026, Defendant removed the matter to this Court, citing diversity of citizenship as the basis for federal jurisdiction. (ECF 1 at 2-6.[1]) Plaintiff moved to remand this action, arguing that Defendant had not established the amount in controversy for diversity jurisdiction by a preponderance of the evidence. (ECF 9 (Mot.); ECF 13 (Reply).) Defendant opposed the Motion, contending that the amount in controversy was established by the purchase amount, offset deductions, allegations that would yield civil penalties, and potential attorneys' fees. (ECF 12 (Opp'n).)

The Court heard argument on the matter (ECF 18), and it now stands ready for decision.

## II. Legal Standard

In general, "defendants may remove to the appropriate federal district court 'any civil action brought in a State court of which the district courts of the United States have original jurisdiction.'" *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997) (quoting 28 U.S.C. § 1441(a)). "The propriety of removal thus depends on whether the case originally could have been filed in federal court." *Id.*

Federal courts have jurisdiction over two categories of cases: cases that arise under federal law, 28 U.S.C. § 1331, and cases in which the amount in controversy exceeds $75,000 and there is diversity of citizenship among the parties, 28 U.S.C. § 1332(a). The two bases for jurisdiction serve distinct purposes: "Federal-question jurisdiction affords parties a federal forum in which 'to vindicate federal rights,' whereas diversity jurisdiction provides 'a neutral forum' for parties from different States." *Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435, 438 (2019)

Diversity jurisdiction requires that "the matter in controversy exceeds the

[1] Pagination for electronically filed document are to the page numbers in the ECF ribbon in the header.

sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). Where, as here, a plaintiff's state court complaint does not specify an amount of damages, and a plaintiff challenges the defendant's notice of removal on this point, the removing party bears the burden of establishing, by a preponderance of the evidence, that the matter in controversy exceeds the threshold at the time of removal. *See Canela v. Costco Wholesale Corp.*, 971 F.3d 845, 849 (9th Cir. 2020) (citing *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996)); *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1198 (9th Cir. 2015) ("[W]hen the defendant's assertion of the amount in controversy is challenged by plaintiffs in a motion to remand, the Supreme Court has said that both sides submit proof and the court then decides where the preponderance lies.") (citing *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88-89 (2014)). Amount in controversy "is simply an estimate of the total amount in dispute, not a prospective assessment of [a] defendant's liability." *Arias v. Residence Inn*, 936 F.3d 920, 927 (9th Cir. 2019) (quoting *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010)) (internal quotations omitted). When assessing the amount in controversy, a court "may consider [the] allegations in the complaint and in the notice of removal, as well as [relevant] summary-judgment-type evidence." *Chavez v. JP Morgan Chase & Co.*, 888 F. 3d 413, 416 (9th Cir. 2018).

## III. Discussion

Plaintiff argues that Defendant has not established the amount in controversy by a preponderance of the evidence, primarily challenging whether civil penalty and attorney's fees get Defendant to the threshold amount. (Mot. at 6-12.) The Court finds the jurisdictional threshold met.

All agree that actual damages, alone, are not sufficient to get Defendant across the line. Under the Song-Beverly Act, actual damages are measured by "the purchase price paid by the buyer, less that amount directly attributable to use by the buyer prior to the discovery of the nonconformity." Cal. Civ. Code §

1793.2(d)(1). Here, the purchase price is $68,790.96 and Defendant's preliminary investigation reflects a mileage offset of $17,689.10, which would yield actual damages in the amount of $51,101.86. (ECF 1 at 5.) "[C]onservatively assuming" certain other deductions—third-party service contracts, a manufacturer's rebate, and negative equity in the amount of $10,000—Defendants offer a "plausible estimate" of $41,101.86 in actual damages. (ECF 1 at 5.) Plaintiff does not concede GM's actual damages calculation, but neither does he challenge it. (Reply at 2 n.1.) As Defendant's estimated actual damages appear to be unchallenged and supported by the Complaint's allegations, the Court uses the $41,101.86 estimate for actual damages. (*See* Compl. ¶¶ 8, 11.)

Defendant argues that civil penalties get it the rest of the way. Under California Civil Code 1794(c), the buyer of a defective consumer good may receive a civil penalty "not [to] exceed two times the amount of actual damages" if the buyer establishes that the failure to comply was 'willful.'" The Complaint alleges that Defendant willfully violated the Song-Beverly Act and seeks "a civil penalty of up to two times the amount of actual damages for GENERAL MOTORS LLC's willful failure to comply with its responsibilities. . ." (Compl. ¶¶ 36, 63.) Defendant contends that adding the maximum civil penalties available of $82,203.72 to the $41,101.86 actual damages brings the total amount in controversy to $123,305.58, well over the diversity-jurisdiction threshold. (Opp'n at 11.)

Plaintiff argues that Defendant has not met its burden because its Notice of Removal contains no information showing that Plaintiff is more likely than not to recover the civil penalties it has requested. (Mot. at 7-10, Reply at 2-5.) Federal courts in this State differ on whether and under what circumstances the civil penalty should be considered when assessing the amount-in-controversy requirement. *See Verastegui v. Ford Motor Co.*, No. 19-cv-04806-

BLF, 2020 WL 598516, at *3 (N.D. Cal. Feb. 7, 2020) (noting the divergence in authority). Without stating a categorical rule, the Court concludes, on the facts of this case, that civil penalties should be considered in calculating the amount in controversy.

When determining the amount in controversy, courts consider the "*maximum* recovery the plaintiff could reasonably recover." *Selinger v. Ford Motor Co.*, No. 2:22-cv-08883-SPG-KS, 2023 WL 2813510, at *9 (C.D. Cal. Apr. 5, 2023) (quoting *Arias*, 936 F.3d at 927). Here, Plaintiff has alleged that he is entitled to maximum civil penalties. (Compl. ¶ 36.) His allegations of a willful violation are not wholly conclusory, as the Complaint alleges repeated repair attempts. (Compl. ¶ 11, 13, 15 (describing three separate repair attempts).) *See Mejia v. Gen. Motors LLC*, 8:26-cv-631-MRA-KES, 2026 WL 2126464, at *4 (C.D. Cal. July 23, 2026) (noting that evidence of three repair attempts supported willfulness allegations, and therefore, inclusion of civil penalties in the amount in controversy); *Franco v. FCA US, LLC*, No. LA 24CV-09013-JAK (AGRx), 2025 WL 1766528, at *6 (C.D. Cal. June 25, 2025) (denying motion to remand and noting that complaint's allegation that manufacturer failed to conform the vehicle to the applicable warranty after three repair attempts supported claim of willful violation and, ultimately, including civil penalty in amount in controversy). Civil penalties in lemon law cases are akin to punitive damages, which are considered in determining amount in controversy where adequate allegations are made. *Potts v. Ford Motor Co.*, No. 3:21-cv-256-BEN-BGS, 2021 WL 2014796, at *5 (S.D. Cal. May 20, 2021). Putting these authorities together, the Court finds no reason to doubt that the "maximum recovery" put at issue by Plaintiff's allegations in this case includes civil penalties of up to twice the actual damages. The Court thus includes such civil penalties in the amount in controversy. *Viray v. Porsche Cars N. Am., Inc.*, No. 2:26-cv-00314-WLH-MAR, 2026 WL 446237, at *3 (C.D. Cal. Feb. 17, 2026) (reasoning that Song-Beverly

civil penalty damages should be considered, as the amount in controversy may include recoverable civil penalty damages and analogous punitive damages); *Verastegui*, 2020 WL 598516, at *3 (finding persuasive decisions considering the maximum recoverable civil penalties "because that is what [the plaintiff] put in controversy" with its allegations).

Plaintiff urges this Court to follow those courts that have found allegations concerning civil penalties too speculative to be included for the amount in controversy. Courts in those cases emphasized the lack of concrete allegations regarding willfulness. *See, e.g., Gaytan v. Gen. Motors, LLC,* No. CV 25-7082 FMO (RAOx), 2026 WL 445618, at *2–3 (C.D. Cal. Feb. 17, 2026) (finding that boilerplate allegations of willfulness were insufficient to establish inclusion of civil penalties); *Sanchez v. Gen. Motors, LLC*, No. 2:25-CV-07548-SVW-PVC, 2026 WL 40882, at *4–5 (C.D. Cal. Jan. 5, 2026) (finding that the request for civil penalties was "supported by only a conclusory allegation of willfulness" and defendant failed to provide other evidence establishing a more definite amount of civil penalties). Here, the Complaint points to multiple repair attempts (Compl. ¶¶ 11-16), supporting the allegations that Defendant willfully failed to repair the vehicle. Moreover, if pointing to such nonconclusory allegations is not enough, it "would lead to the untenable result of Defendant having to prove up its own liability for civil penalties to demonstrate the amount in controversy." *Selinger*, 2023 WL 2813510, at *9. That is simply not how calculation of the amount in controversy is supposed to work.

Plaintiff notes that the *amount* of any civil penalties is just as speculative as whether civil penalties will be awarded. (Mot. at 7.) It is true that, in cases involving punitive damages, the removing party must generally put forward evidence of the kind of punitive-damages awards made in other cases. The analogy breaks down, however, because here there is a statute that sets the

limits within which a civil penalty award must fall. *Zeto v. BMW of N. Am., LLC*, No. 20-cv-1380-GPC-KSC, 2020 WL 6708061, at *4 (S.D. Cal. Nov. 16, 2020).

Plaintiff also argued that civil penalties could be foreclosed under a recently enacted California statute, which requires consumers to make a presuit demand of the manufacturer and give the manufacturer time to make an offer of restitution or replacement, or else no civil penalties will be awarded. *See* Cal. Civ. Proc. Code § 871.24(a), (e). Plaintiff notes that Defendant's Notice of Removal does not allege compliance with the presuit-demand requirement. (Reply at 3-4.) But, of course, neither does Plaintiff's Complaint—and Plaintiff does not admit that his Complaint is inadequate for that reason. He points to no authority requiring compliance with AB 1755 to be affirmatively alleged at the pleading stage or in a notice of removal, nor does he make a cogent argument why it should be. The Court declines to consider this question of first impression where Plaintiff has not offered any reason to believe he is right. *Maldonado v. Morales*, 556 F.3d 1037, 1048 n.4 (9th Cir. 2009) (arguments "made in passing and inadequately briefed" are forfeited).[2]

Plaintiff also argues that Defendant's attorney's fees estimate is also speculative. (Mot. at 10-12, Reply at 7.) The Court need not address that argument here, because the actual damages and civil penalties alone exceed the jurisdictional threshold, without accounting for attorney's fees.

---

[2] The only authority this Court found held that pleading compliance with AB 1755 in the complaint is not required, though it does so without providing reasoning. *Macias v. FCA US LLC*, No. 25STCV19586, 2026 WL 2021904, at *5 (Cal. Super. Apr. 08, 2026) ("As an issue of first impression, the Court concludes that the pleading of notice elements in an initial complaint is not necessarily required by the express wording of Code of Civil Procedure section 871.24 and related sections.").

### IV. Conclusion and Order

For the reasons above, Plaintiff's Motion to Remand (ECF 9) is **denied**.

DATED: September 23, 2026

BRIANNA FULLER MIRCHEFF
UNITED STATES MAGISTRATE JUDGE